Fee Paid

FILED
CLERK, U.S. DISTRICT COURT
8/23/23
CENTRAL DISTRICT OF CALIFORNIA
BY: ___cs___ DEPUTY

Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>BLACKSTONE REMODELING, INC, EBRAHIM KHOSHNOOD YEGANEH, and TEODORO OSORIO ESPINOZA,<br><br>Defendants. | Case No. CV23-7098-JLS(PVCx)<br><br>**COMPLAINT FOR:**<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 |

Plaintiff, Jorge Alejandro Rojas, files this Complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendants Blackstone Remodeling, Inc ("Blackstone Remodeling"), Ebrahim Khoshnood Yeganeh ("Yeganeh"), Teodoro Osorio Espinoza ("Espinoza"), collectively "Defendants", and alleges based on personal knowledge and information and belief, as follows:

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years,

representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *See Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls concerning home construction services.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants as they regularly and systemically conduct business in the state of California. Specifically, the Defendants conduct significant business in the State. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. The telephone calls at issue were made concerning property located in Torrance, California, which is within this District. The telephone calls placed were made based upon the (mistaken) belief that Plaintiff continues to reside within this District.

7. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois. Plaintiff previously resided within this District.

9. Defendant Blackstone Remodeling, Inc ("Blackstone Remodeling") is a California entity, with principal address of 10289 W Pico Blvd Floor 2 Los Angeles, CA 90064 and an agent for service of process of Ebrahim Khoshnood Yeganeh located at the same.

10. Defendant Ebrahim Khoshnood Yeganeh ("Yeganeh") is CEO and CFO of Blackstone Remodeling and is located at the same address.

11. Defendant Wendy Teodoro Osorio Espinoza ("Espinoza") is Secretary of Blackstone Remodeling and is located at the same address.

12. Defendants are each a person as defined by 47 U.S.C. § 153(39).

13. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id.*

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

17. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

18. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

-3-

19. Under the TCPA, an individual may be personally liable for the acts alleged in the Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person.*" (*emphasis* added)

20. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

21. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

22. Employees can be held liable in TCPA actions for unlawful conduct.

23. The individual defendant in this case personally participated in the actions complained of by: (a) personally selecting the phone numbers that would be called; (b) approving the scripting that would be used on the calls; (c) selecting and managing the dialing equipment or supplier of the same used to make the calls; and (d) personally paying for the calls.

24. "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)". *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

**FACTUAL ALLEGATIONS**

25. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582. The phone number is not associated with a business and is used by Plaintiff solely.

26. Plaintiff is the account holder and customary user of his phone number.

27. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

28. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

29. Plaintiff also alleges that Defendants may have made other telephone calls prior to the Call 1 identified below, which will be identified further in discovery.

30. **Call 1.** On or about August 21, 2023, at 9:51 AM Pacific time, Plaintiff received a telephone call from Defendants, or an agent or affiliate acting on their behalf, from 310-684-2310.

31. Plaintiff missed Call 1.

32. **Call 2.** On or about August 21, 2023, at 12:05 PM Pacific time, Plaintiff received a text from Defendants, or an agent or affiliate acting on their behalf, from 562-900-7467.

33. The text message identified above stated "Good day Jorge! It's Ira with Blackstone Remodeling. Just following up on the project request you want to get done. We have a project nearby and would love to send out my uncle to give your free estimate. We are family owned business and would give you competitive pricing. Let me know what time works best! Thank you and have a great day!"

34. **Call 2.** On or about August 21, 2023, at 12:05 PM Pacific time, Plaintiff received a text from Defendants, or an agent or affiliate acting on their behalf, from 562-900-7467.

35. The text identified above contained an image, reproduced below.



36. Plaintiff called the telephone number in Call 1 back on August 21, 2023, at 1:19 PM, and heard an automated voice state Blackstone Remodeling in the greeting message.

37. To the extent that Defendants are utilizing a third-party call center to make calls on its behalf, Defendants named here are vicariously liable for their conduct, as that conduct was made for their own benefit.

38. The call was made for the purposes of soliciting the services of an organization which performs home construction and renovation services.

39. Courts have relied in part on the "the general tort rule that 'corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body.'" *Universal Elections*, 787 F. Supp. 2d at 416 (internal citations omitted); *see also Am. Blastfax, Inc.*, 164 F. Supp. 2d at 898.

40. The individual Defendants in this action engaged in the operation of the telemarketing scheme.

41. The conduct alleged in this action was made willful and knowingly.

42. The TCPA requires telemarketers to provide training to their employees, contractors, etc., and Defendants have failed to properly train the same.

43. Plaintiff did not have a prior business relationship with Defendants.

44. Defendants did not have any consent to call Plaintiff.

45. Defendants are not an organization exempt from the TCPA.

46. Defendants' calls to Plaintiff were made for the purpose or intention of being a "telephone solicitation."

47. Defendants' calls to Plaintiff were made for the purpose or intention of being an "unsolicited advertisement."

48. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

49. Plaintiff alleges that Defendants train their affiliates to avoid divulging too much information to leads and customers to evade TCPA liability.

50. In total, Defendants and/or their affiliates placed at least three (3) telephone solicitation calls to Plaintiff.

51. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.

52. Defendants have a pattern and practice of failing to comply with the TCPA.

53. The foregoing acts and omissions were in violation of the TCPA.

54. Defendants are engaging in violations of the TCPA to get business.

55. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

56. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

57. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

58. Plaintiff is also entitled to an award of costs.

59. Defendants' calls were not made for "emergency purposes."

60. Defendants' calls to Plaintiff were made without any prior express written consent.

61. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

62. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

63. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

64. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

## COUNT 1.

<u>Violation concerning Do Not Call List, 47 U.S.C. 227(c)</u>

65. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

66. By placing at least three telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, failing to maintain the Plaintiff on their Do-Not-Call list, failing to provide proper training to their employees, Defendants, jointly and severally, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

67. Defendants called Plaintiff at least three (3) times notwithstanding him being on the Do Not Call list for several years.

68. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, inter alia, refusing to scrub against the National Do-Not-Call registry, refusing to maintain Plaintiff's number on an internal Do-Not-Call list, and failing to have a Do-Not-Call policy.

69. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

70. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

71. The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and or severally, in an amount of $4,500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $4,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered,

B. Statutory damages of $500.00 per call for every violation of 47 U.S.C. § 227(c),

C. Statutory damages of $500 for each violation of 47 C.F.R. § 64.1200,

D. Treble statutory damages of $1,500.00 per violation of the TCPA's implementing regulations,

E. All reasonable attorneys' fees, witness fees, court costs, pre-judgment and post-judgment interest, and other litigation costs incurred by Plaintiff,

F. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future,

G. Leave to amend this Complaint to conform to the evidence presented at trial,

H. Any other relief this Court deems proper.

Respectfully submitted,

Dated: August 23, 2023

JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582